IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIJAH WILLIAM WALLACE, (SPN #00660014) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-18-2743 |
| TEXAS BOARD OF PARDONS AND PAROLES, Defendant. | § § § § § | |

**MEMORANDUM AND OPINION**

Elijah William Wallace, an inmate of the Harris County Jail ("HCJ"), sued in August 2018, alleging civil rights violations resulting from a denial of due process. Wallace, proceeding pro se and in forma pauperis, sues the Texas Board of Pardons and Paroles ("Board").

The threshold issue is whether Wallace's claims should be dismissed as frivolous. The Court concludes that Wallace's claims lack merit and should be dismissed for the reasons stated below.

**I.    Wallace's Allegations**

Wallace asserts that in August 1991, he was sentenced to a 25-year prison term. Wallace complains that he is being falsely imprisoned because his 25-year sentence has been improperly extended. Wallace asserts that he should have discharged his sentence two years ago.

Online research reveals that on August 14, 1991, Wallace was convicted in the 177th Judicial District Court of Harris County, Texas of theft by check of $750 to $20,000. (Cause Number 059328301010-3). On that same date, he was also convicted of theft of auto of $750 to $20,000. (Cause Number 060123501010-3).

The Court has learned through telephone inquiry that Wallace was released on parole and returned to the TDCJ-CID on the following dates:

1. released on parole on June 1, 1994;
2. returned to TDCJ on August 13, 1996;
3. released on parole on March 6, 2003;
4. returned to TDCJ on March 10, 2005;
5. released on parole on April 14, 2005;
6. returned to TDCJ on April 10, 2007;
7. released on parole on September 15, 2009;
8. returned to TDCJ on May 15, 2012; and
9. released on parole on April 30, 2013.

Wallace is scheduled to discharge his sentence on January 30, 2024.

Online research shows that Wallace is currently confined at the HCJ on a charge of DWI third offense. (Cause Number 153835501010). He is also awaiting a parole revocation hearing. (Cause Number 021703670823).

Wallace asks this Court to evaluate the calculation of his sentence.

**II. Discussion**

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Only if the Court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Newsome v. Tex. Bd. of Pardon & Parole*, 124 F. App'x 256, 2005 WL 419496 (5th Cir. 2005), the United States Court of Appeals for the Fifth Circuit addressed this issue as follows:

> Newsome contends that he is not challenging the fact or duration of his confinement and that the district court erred in determining that his suit is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Contrary to Newsome's contentions, he is challenging his continued confinement. Because Newsome brought his claims in a 42 U.S.C. § 1983 action and because success in this 42 U.S.C. § 1983 action would necessarily imply the invalidity of his continued confinement, the claims are barred by *Heck*, and the district court did not abuse its discretion in dismissing the suit as frivolous. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

*Id.*

In this instance, the crux of Wallace's complaint is that his sentences have been calculated

incorrectly. A ruling granting Wallace the relief which he seeks would necessarily implicate the validity of his conviction and sentences in Cause Nos. 059328301010-3 and 060123501010-3, and inevitably affect the duration of his confinement. Wallace's claims regarding parole revocation, the validity of his convictions, and the calculation of his release date would necessarily draw into question the validity of his convictions or sentences.

Under *Heck,* Wallace must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Wallace cannot make such showing. He has not alleged that his conviction and sentences in Cause Numbers 059328301010-3 and 060123501010-3 have been reversed, invalidated or otherwise expunged.

Until Wallace receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . ."). Wallace's claims challenging his convictions and sentences are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Wallace's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

4

### III. Conclusion

The action filed by Elijah William Wallace (SPN #00660014) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Wallace's motion for the appointment of counsel, (Docket Entry No. 12), is DENIED as moot.

The HCJ must deduct twenty percent of each deposit made to Wallace's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on DEC 04 2018

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE